# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street SW, Suite 800<br>Washington, DC 20024,<br><br>        Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF STATE,<br>The Executive Office<br>Office of the Legal Adviser, Suite 5.600<br>600 19th Street NW<br>Washington, DC 20522,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against the U.S. Department of State ("Defendant") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552. As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the

responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of State is an agency of the United States Government headquartered at 2201 C Street NW, Washington, DC 20520. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On May 7, 2018, Plaintiff served a FOIA request on Defendant seeking access to the following public records:

> **1. Any and all records created, received, reviewed, and/or maintained by any official, employee, or representative of the United States Mission to the United Nations regarding, concerning, or related to the Comisión Internacional Contra la Impunidad en Guatemala (CICIG) and/or CICIG Commissioner Iván Velásquez-Goméz.**
>
> **2. Any and all records of communication between any official, employee, or representative of the United States Mission to the United Nations and any official, employee, or representative of the CICIG.**
>
> **3. Any and all records created in preparation for, during, and/or pursuant to any meetings and/or teleconferences between any official, employee, or representative of the United States Mission to the United Nations and Guatemalan Minister of Foreign Affairs Sandra Jovel-Polanco.**
>
> **4. Any and all records of communication between any official, employee, or representative of the United States Mission to the United Nations and any official, employee, or representative of the Guatemalan Ministry of Foreign Affairs.**

The time frame of the request was identified as "January 1, 2016 to the present."

6. By letter dated July 20, 2018, Defendant acknowledged receipt of Plaintiff's request and advised Plaintiff that the request had been assigned FOIA Control Number F-2018-03560.

7. On August 15, 2018, Plaintiff served a second FOIA request on Defendant seeking access to the following public records:

> **1. Any and all records of communication between Ambassador Todd Robinson and International Commission against Impunity in Guatemala (CICIG) Commissioner Ivan Velasquez.**
>
> **2. Any and all records of communication between Ambassador Todd Robinson and former Guatemalan Attorney General Thelma Aldana.**
>
> **3. Any and all records of communication between any employee or representative of the Department of State assigned to the Bureau of Western Hemisphere Affairs or the U.S. Embassy in Guatemala and former White House Director of Media Affairs Helen Aguirre Ferre.**
>
> **4. Any and all records of communication between any employee or representative of the Department of State assigned to the Bureau of Western Hemisphere Affairs or the U.S. Embassy in Guatemala and any U.S. Government employee assigned permanently or temporarily to any component of the Executive Office of the President that mention or pertain to Guatemalan President Jimmy Morales and/or the activities of the CICIG.**

The time frame of the August 15, 2018 request was identified as "January 1, 2016 to the present."

8. By letter dated August 30, 2018, Defendant acknowledged receipt of Plaintiff's request and advised Plaintiff that the request had been assigned FOIA Control Number F-2018-06203.

9. As of the date of this Complaint, Defendant has failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from

- 3 -

production; (ii) notify Plaintiff of the scope of any responsive records Defendant intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

## COUNT I
**(Violation of FOIA, 5 U.S.C. § 552)**

10. Plaintiff realleges paragraphs 1 through 9 as if fully stated herein.

11. Defendant is in violation of FOIA.

12. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with it.

13. To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's FOIA requests within the time limits set by FOIA. Accordingly, Defendant's determination was due by August 17, 2018 at the latest, with respect to the May 7, 2018 request, and by September 28, 2018, at the latest, with respect to the August 15, 2018 request.

14. Because Defendant failed to make a final determination on Plaintiff's FOIA requests within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to the requests; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to the requests and *Vaughn* indices of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the FOIA requests; (4) grant Plaintiff an award of attorneys' fees and other

- 4 -

- 5 -

litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

| | |
|---|---|
| Dated:  April 5, 2019 | Respectfully submitted, |
| | */s/ Eric W. Lee* |
| | Eric W. Lee |
| | D.C. Bar No. 1049158 |
| | JUDICIAL WATCH, INC. |
| | 425 Third Street SW, Suite 800 |
| | Washington, DC 20024 |
| | Tel:    (202) 646-5172 |
| | Email: elee@judicialwatch.org |
| | |
| | *Counsel for Plaintiff* |